## Case No. 6,130.

### HARRIS et al. v. WHEELER.

[8 Blatchf. 81.][1]

Circuit Court, S. D. New York. Dec. 6, 1870.

DECREE IN ADMIRALTY—FORM OF—EXECUTION.

The respondent in a suit in admiralty appealed to this court from the decree of the district court in favor of the libellant, and, after a trial, an order was entered in this court affirming the decree of the district court, with costs: *Held*, that no execution could issue in this court, until the entry of a formal decree awarding a recovery to the libellant.

[This was a libel by George Harris and others against Samuel G. Wheeler, Jr. See Case No. 6,129.]

Charles Donohue, for libellants.
Lyman B. Bunnell, for respondent.

WOODRUFF, Circuit Judge. The libellants in this cause obtained a decree in the district court for advances made to a vessel belonging to the respondent, and, from that decree, the respondent appealed to this court. The cause was here tried, and, on the 19th of March, 1870, an order, signed by the judge, was entered with the clerk, affirming the decree of the district court, with costs. [Case No. 6,129.] After the lapse of more than ten days, proceedings were stayed for a short period, by request of the judge and with the concurrence of counsel, but it is not necessary to state anything further on that subject, since it is not deemed to affect the pres-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ent motion. It is sufficient to say, that, after more than ten days, the respondent appealed to the supreme court of the United States, giving a bond duly approved and sufficient in form and in amount to operate as a stay of execution. The libellants, notwithstanding such appeal, having caused their costs in this court to be taxed, issued execution. Thereupon, the respondent makes the present motion to set aside the execution, insisting, first, that no execution can regularly issue upon a mere order of affirmance; second, that the respondent has ten days after a judgment in form awarding to the libellants a recovery of some amount ascertained and settled by the terms of a final decree. On the other hand, it is insisted by the libellants, that the order of affirmance is the final judgment, within the meaning of the act of congress limiting the time within which appeals may be taken,—Act Sept. 24, 1789, § 23 (1 Stat. 85); Act March 3, 1803, § 2 (2 Stat. 244),—and the appeal is, therefore, too late; that such order of affirmance is frequently the only order made in this court, and appeals have, in many cases, been heard in the supreme court of the United States, when no other order or judgment of the circuit court appeared in the record; and that the execution is regular.

It is not, for the purposes of this motion, indispensable that I should pass upon the question whether the respondent was regular in taking his appeal when no judgment had been entered, other than the order of affirmance. In Silsby v. Foote, 20 How. [61 U. S.] 290, in equity, an appeal to the supreme court was taken within ten days after the decision of the court was announced and entered in the minutes, and before a decree was settled and entered; and, after such formal decree was made, another appeal was taken. On a motion to dismiss, the court declare, in their opinion, that either appeal is regular, in view of the differing practice prevailing in different circuits; but, as it was not proper that there should be two appeals in the same case, they dismiss the latter and allow the former to stand. The opinion plainly indicates, that the last appeal would have been sustained had it been the only appeal taken. But this case, if it be deemed to settle the rule that an appeal may be taken before a judgment in form is entered, comes short of determining that it must be taken before such judgment, in order to operate as a stay of execution. It is, however, pertinent to observe, that the twenty-third section of the act of 1789 and the second section of the act of 1803, are held to require the judge, on signing the citation, on appeal, to require security in a sum sufficient to cover the whole judgment, damages and costs, as well as the costs in error. Catlett v. Brodie, 9 Wheat. [22 U. S.] 553; Stafford v. Union Bank, 16 How. [57 U. S.] 135. The inference is plausible, at least, that, until some actual award of damages and costs to a definite amount, the party appealing does not know, and the judge taking the security does not know, what should be the amount of the bond, nor in what amount the sureties should justify; and that no judgment can be said to be rendered, and more especially no decree in admiralty can be said to be passed, until some actual award of recovery by the libellant is made.

The question here, as above suggested, is not whether the appeal which has been taken is regular, for, however regular it may be, it was not taken within ten days from the entry of the order appealed from, and, for that reason, cannot operate as a supersedeas or stay of execution, if that order be deemed a decree passed within the act. The Roanoake [Case No. 11,875]. If the case was not ripe for an appeal, then such appeal would be dismissed, and it necessarily follows that it can have no influence on the present motion; that is to say, if it was premature and would be dismissed by the supreme court, then it cannot stay the libellant's proceedings. If it was not premature, but will operate to give the supreme court jurisdiction, still, not having been taken within ten days after the entry of the order appealed from, it cannot stay execution, unless I should hold that an appeal may be taken before the ten days begin to run, within which it must be taken. In view of the decision in Silsby v. Foote, above referred to, I prefer to leave it to the supreme court to say whether the ten days begin to run so soon as the time arrives when an appeal may be taken; and whether, if the respondent waits until the actual entry of a decree which settles definitely all the details, his appeal, if taken within ten days thereafter, will stay execution.

Here, an execution has been issued when there is no judgment or decree awarding to the libellants a recovery, not awarding to them any execution or other means of giving effect to the decision of the court. I am informed that it has not been unusual, in this circuit, to issue execution in cases in admiralty, when no other judgment that an order of affirmance has been made or entered, the proctor, for that purpose, taking the amount of damages to be collected from the decree in the district court, and the costs of appeal from the taxation by the clerk. I think such a practice both loose and irregular, and I am not aware of any like practice anywhere. Even if an appeal to this court in a cause in admiralty were a mere appeal on which the proceedings below were reviewed, and nothing more, no execution should issue out of this court without an award of a recovery. In the state courts, when a cause was removed by writ of error, and a judgment of affirmance was rendered, with a remand of the record, a judgment was necessary to enable the prevailing party to have execution for the costs in error. But, here, a cause in admiralty is removed into this court for a new trial, and the proceed-

ings here are of a mixed nature. The question is not limited to the inquiry whether the district court decided the case correctly on the merits, but whether, upon the case as made in this court, the libellant is entitled to recover, and, if so, how much. As to certain questions, the parties will be concluded, if the questions have not been raised in the court below; but, properly speaking, the inquiry here is not a question of affirmance or reversal, but a question of the right to a decree, upon the trial in this court. When no new proofs are presented in this court, and the conclusion is that the decree below was the proper decree upon the proofs, it has become usual to express that conclusion by calling it an "affirmance;" but I regard that as technically inaccurate. The proper decree here is, that the libellant recover, &c., or that the libel be dismissed, and the claimant or respondent recover his costs, when costs are awarded; and no execution should issue until some award of a recovery in this court has been made. In ordinary cases at law, no execution could be issued without such an award, and, although judgment would become final after four days in term, that alone did not warrant the issuing of an execution. The execution herein must be set aside.

[For further proceedings, see note to Case No. 6,129.]

HARRIS, The SARAH. See Cases Nos. 12,-345–12,347.

HARRIS, The SARAH B. See Case No. 12,-344.

HARRIS, The WILLIAM. See Case No. 17,-695.

HARRIS, The WILLIAM A. See Case No. 17,686.